IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELVENA TURNER, et al.,       }
                              }
    Plaintiffs,              }
                              }   CIVIL ACTION NO.
v.                            }
                              }   00-AR-721-S
CITY OF BIRMINGHAM, et al.,   }
                              }
    Defendants.              }
                              }

**FILED**
00 JUN 22 P
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**
JUN 22 2000

### MEMORANDUM OPINION

Before the court are two motions, one by defendant, City of Birmingham, and one by defendant, Vincent Green. These two defendants seek dismissal of plaintiffs' complaint pursuant to Rule 12(b)(6), F.R.Civ.P., and alternatively, under Rule 56. Plaintiffs allege violation of plaintiffs' civil rights under 42 U.S.C. § 1983 ("§ 1983"), along with pendent state law claims. For the reasons set forth herein, defendants' 12(b)(6) motions are due to be granted.[1]

Defendants argue that plaintiffs' federal claims are time-

---

[1] There are two other defendants, Officer John McCrae ("McCrae") and Officer Steven Gray ("Gray"), neither of whom has appeared. McCrae was apparently never served. Gray will either appear within 14 days or be subject to default.

1

barred. Defendants are correct.[2] All § 1983 actions commenced in Alabama are subject to the two-year limitations period set forth in the general provisions of the 1975 Code of Alabama § 6-2-38.[3] *Shows v. Morgan*, 40 F.Supp.2d 1345, 1362 (M.D. Ala. 1999); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir.1992).

Because the federal claim will be dismissed on the pleadings, the court declines to exercise its discretion to adjudicate the pendent state law claims. As the Supreme Court held in *Carnegie-Mellon*:

> Under *Gibbs*, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619 (1988).

In an effort to demonstrate that their § 1983 claim is not

---

[2] In their complaint, plaintiffs allege that the incident in question occurred in September of 1997. The complaint was filed in March of 2000, more than two years later.

[3] "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38(l).

2

time-barred, plaintiffs argue the following in their brief:

> The law under § 6-2-34 of the Alabama Code, 1975, as amended specifically states that claims for trespass, false imprisonment, and assault and battery have a six year statute of limitations, not a two year statute as propounded by Defendant Green. Section 6-2-34 explicitly applies to actions for false imprisonment, but it has also been held applicable to claims alleging a denial of civil rights under 42 U.S.C. § 1983. *McConico v. Romeo*, 561 So.2d 523 (Ala. 1990).

Plaintiffs' response brief paragraph 3.

The statute of limitations applicable to federal claims are matters of federal law, even when the federal courts look to the most nearly analogous state statute of limitations. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989), sealed plaintiffs' fate. *See also Jones v. Preuit & Mauldin*, 586 F.Supp. 1563, 1564 (N.D. Ala. 1984). And even if this court were bound by the Alabama court, as it is not, plaintiffs' argument has been squarely repudiated by the Supreme Court of Alabama in *Gorman v. Wood*:

> The plaintiff, in his table of cases and in his argument that his cause of action is governed by the six-year statute of limitations, cites *McConico v. Romeo*, 561 So.2d 523 (Ala.1990), and Ala. Code 1975, § 6-2-34(1). The plaintiff's cause of action arose on November 22, 1989, when he was arrested. He filed his complaint on August 31, 1994. Therefore, if the six-year statute of limitations applied, his action would not be time barred. However, according to *Morrow v. Town of Littleville*, 576 So.2d 210 (Ala.1991) (citing *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), and *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254

3

(1985)), and *Woods v. Reeves*, 628 So.2d 563 (Ala.1993), the only statute of limitations applicable to § 1983 claims in Alabama is the two-year statute of limitations in Ala. Code 1975, § 6-2-38(l). Therefore, the plaintiff's action is time-barred, and the trial court properly granted the defendants' motions to dismiss.

*Gorman v. Wood*, 663 So.2d 921, 922 (Ala. 1995).

### Conclusion

Based on the foregoing, with respect to plaintiffs' federal claim under 42 U.S.C. § 1983, plaintiffs' claim is time-barred, and, accordingly, plaintiffs have failed to state a claim on which relief may be granted. Because no federal claim survives the pleading stage, the court declines to exercise jurisdiction over the pendent state-law claims. Accordingly, the § 1983 claim is due to be dismissed with prejudice and the balance of the action is due to be dismissed without prejudice. An appropriate order granting defendants' 12(b)(6) motions will be separately entered.

DONE this 22nd day of June, 2000.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE